FILE COPY



# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

No. 02-18-00416-CV

ANDRE BERRY, Appellant

V.

BEN ZEN PROPERTIES LLC, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2018-03912

---

## ORDER

We have considered Berry's "Emergency Stay Pending Appeal/Mandamus."

To the extent Berry is asking this court to reconsider its December 28, 2018 order, we deny the motion because the trial court has not yet set a supersedeas bond amount. *See* Tex. Prop. Code Ann. § 24.007.

To the extent Berry seeks a writ of mandamus ordering the trial court to set a bond amount, the trial court has continuing jurisdiction to set a bond amount even after an appeal has been filed. *See* Tex. R. App. P. 24.3(a); *In re Smitherman*, 533 S.W.3d

FILE COPY

907, 909 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) ("The *county court* has a duty to set the amount of the supersedeas bond so that a party in an eviction suit may file the bond within ten days of the signing of the judgment." (emphasis added)). But Berry (relator) has not complied with the rules of appellate procedure as to the following:

> 1) the motion does not include a certificate of service showing that relator has served the Respondent trial judge and the opposing party (real party in interest) in accordance with rule of appellate procedure 9.5(b), nor does it show that he has notified or made a diligent effort to notify those parties of his filing by expedited means, such as telephone or fax; and

> (2) the "Emergency Stay Pending Appeal/Mandamus" does not contain the items listed in rule of appellate procedure 52.3 (identity of parties and counsel, table of contents, index of authorities, statement of the case, statement of jurisdiction, issues presented, statement of facts, argument, prayer, certification, appendix).

We order Berry to submit the certificate of service no later than 3:00 p.m. on **January 4, 2019**, and to submit a filing complying with rule 52.3 no later than 5:00 p.m. on **January 7, 2019**. Failure to comply with either of the above may result in relief being denied.

The clerk of this court is directed to transmit a copy of this order to Berry, any attorneys of record, the trial court judge, and the trial court clerk.

Dated January 3, 2019.

Per Curiam

2